UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY B. HANSON and<br>TAMMY F. HANSON,<br>                    Plaintiffs,<br><br>v.<br><br>M&I MARSHALL AND ILSLEY<br>BANK, KONDAUR CAPITAL<br>CORPORATION, KONDAUR<br>VENTURE X, LLC, and KONDAUR<br>CAPITAL TRUST SERIES 2009-3,<br><br>                    Defendants. | Civil No. 10-2069 (JRT/JJK)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER GRANTING<br>SUMMARY JUDGMENT MOTIONS** |

   Carl E. Christensen, **CHRISTENSEN LAW OFFICE, PLLC**, 800 Washington Avenue North, Suite 704, Minneapolis, MN  55401, for plaintiffs.

   Allen E. Christy, Jr. and Patrick C. Summers, **MACKALL, CROUNSE & MOORE, PLC**, 901 Marquette Avenue, Suite 1400, Minneapolis, MN 55402; and Maria L. Kreiter, **GODFREY & KAHN S C**, 780 North Water Street, Milwaukee, WI 53202, for defendant M&I Marshall and Ilsley Bank.

   Ernest F. Peake and Patrick J. Lindmark, **LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**, 100 South 5th Street, Suite 2500, Minneapolis, MN  55402, for defendants Kondaur Capital Corporation, Kondaur Venture X, LLC, and Kondaur Capital Trust Series 2009-3.


   Jeffrey Hanson and Tammy Hanson ("the Hansons") bring this action against M&I Marshall and Ilsley Bank a/k/a Marshall and Ilsley Corporation ("M&I") and Kondaur Capital Corporation, Kondaur Venture X, LLC, and Kondaur Capital Trust Series 2009-3 (collectively, "Kondaur").  This case arises from M&I's foreclosure of the

Hansons' home by a sheriff's sale. The Hansons' case rests upon the premise that the foreclosure of their home was invalid because M&I assigned the mortgage and corresponding promissory note[1] to Kondaur prior to the sheriff's sale and thus M&I was the improper party to foreclose on their home. The Hansons allege breach of contract, negligent misrepresentation, slander of title, violations of the Truth in Lending Act ("TILA"), and declaratory relief claims.[2] Primarily because the Hansons present no evidence that M&I assigned the mortgage to Kondaur before the foreclosure sale, the Court will grant summary judgment to defendants.

## BACKGROUND

### I. HANSONS' LOAN AND DEFAULT

The Hansons are a married couple. (Second Am. Compl. ¶ 2, Sept. 20, 2010, Docket No. 34.) On August 27, 2007, the Hansons executed and delivered a promissory note in the principal amount of $896,000 to M&I. (*Id.* ¶ 13.) In exchange for the money M&I loaned them to buy the house, the plaintiffs granted M&I a first priority mortgage in their home in Ramsey, Minnesota, which was recorded on September 14, 2007 in Anoka County. (*Id.* ¶¶ 12-14.)

---

[1] The lender holds the promissory note and mortgage. "[P]romissory notes and [mortgages] have been treated as two distinct documents that are legally intertwined." *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 493-94 (Minn. 2009). A "mortgage" refers to the underlying security instrument or lender's interest in the land associated with a loan. *Id.* at 493-94. A "note" refers to the borrower's debt obligation to the lender. *Id.* "[L]oans are evidenced by a promissory note and secured by a [mortgage.]" *Id.* at 490.

[2] The Hansons agree that the Court should dismiss their fraudulent misrepresentation and civil conspiracy to commit fraud claims. Accordingly, the Court will dismiss these claims.

The Hansons fell behind on the mortgage payments. (Aff. of Patrick J. Lindmark, Ex. C, Interrog. 33, Nov. 1, 2011, Docket No. 74.) M&I initiated foreclosure proceedings and, on January 14, 2009, M&I filed a notice of pendency of proceeding to foreclose on the property by advertisement. (Second Am. Compl. ¶ 32.) The Hansons' home was sold at a sheriff's sale conducted on September 21, 2009. (*Id.* ¶ 39.) M&I was the highest bidder at the sheriff's sale and received the sheriff's certificate of sale. (*Id.* ¶ 40; Aff. of Allen E. Christy, Ex. B, Nov. 1, 2011, Docket No. 68.) The Hansons claim that Kondaur directed M&I to purchase the home at auction. (*See* Aff. of Kevin S. Lampone, Ex. N, Nov. 22, 2011, Docket No. 79.)

## II. LOAN SALE AGREEMENT

The Hansons claim that a "Loan Sale Agreement" entered into by M&I and Kondaur shows that M&I assigned the mortgage and promissory note to Kondaur prior to the sheriff's sale of their home. On July 22, 2009, M&I and Kondaur entered into a "Loan Sale Agreement." (Aff. of Kendra Rommel ¶ 6, Ex. B, Nov. 1, 2011, Docket No. 72.)[3] Through this agreement, M&I agreed to sell its "right, title and interest in and to the Loans [including the Hanson loan] and the Loan Documents" to Kondaur "[a]t [c]losing" on August 4, 2009. (*Id.*, Ex. B at 2, 5.) The "Loan Documents" to be sold

---

[3] For the purposes of this motion, the Court will not distinguish between the three Kondaur defendants. The Court notes, however, that the Loan Sale Agreement was entered into by "Kondaur Ventures X, LLC by Kondaur Capital Corporation, Its Member." (Rommel Aff. ¶ 6, Ex. B.) The Hansons claim that when Kondaur Venture X, LLC obtained the mortgage, it contemporaneously assigned its interest in the mortgage to Kondaur Capital Trust Series 2009-3. (Second Am. Compl. ¶ 34.)

included the notes and any security agreement (i.e. mortgage) associated with the listed loans. (*Id.* at 2, 3, 5.) Thus, through this agreement, M&I agreed to sell the Hanson's promissory note and mortgage to Kondaur by August 4, 2009. (*Id.* at 2.)

### III. ASSIGNMENT OF SERVICING RIGHTS

On July 31, 2009, Kondaur paid M&I the full purchase price called for loans outlined in the Loan Sale Agreement, including the Hanson loan. (Lampone Aff., Ex. C at 3.) The parties agree that, on that same day, M&I transferred the servicing rights of the Hanson loan to Kondaur Capital Corporation. (*Id.*, Ex. E.)

### IV. ASSIGNMENT OF NOTE AND INTEREST IN THE PROPERTY

The parties agree that M&I assigned Kondaur its interests in the Hanson property. They disagree, however, on whether M&I assigned these interests prior to the sheriff's sale.

#### A. Promissory Note

The Hansons claim that Kondaur possessed the promissory note associated with their loan before the sheriff's sale of their home. The record contains a copy of this promissory note, endorsed in the blank by M&I to an unnamed assignee. (*See id.*, Ex. H.) The Court will assume for the purposes of this motion that Kondaur possessed the note at the time of the foreclosure sale.[4]

---

[4] However, it is unclear from the record which party actually possessed this document at the time of the sale, and the assignment – which is signed by John Muroni, Vice President of M&I – does not have a date.

### B. Mortgage

The Hansons also claim that M&I assigned its interest in the mortgage prior to the sheriff's sale. On August 4, 2009, M&I's Vice President and Assistant Vice President signed a notarized document that purported to assign the Hanson mortgage to an unnamed party. (Rommel Aff. ¶ 7, Ex. C.) The document does not list the assignee of the mortgage; the assignee field is blank. The Hansons appear to claim that this document assigned M&I's interest in the mortgage to Kondaur, but defendants deny that this document assigned any interests because the assignee was left blank.

### C. Sheriff's Certificate of Sale

After the foreclosure sale, on October 9, 2009, M&I assigned the sheriff's certificate of sale for the Hanson home to Kondaur Capital Corporation. (Christy Aff., Ex. B.) This assignment was recorded on November 16, 2009 in the Anoka County Recorder's Office as Document No. 2011448.001. (*See id.*) Defendants claim that this document transferred M&I's interest in the Hanson property to Kondaur.

### V. KONDAUR'S CONTACTS WITH THE HANSONS

The Hansons claim that communications by Kondaur prior to the foreclosure of their home indicate that Kondaur owned the mortgage and promissory note at the time of the sheriff's sale. Specifically, Kondaur sent the Hansons a letter on August 4, 2009, stating that their "**mortgage loan** was assigned, sold or transferred" to Kondaur, and that the assignment was recorded – or would later be recorded – in Anoka County. (Aff. of Tammy F. Hanson ¶ 19, Ex. G, Docket No. 78 (emphasis added).) The Hansons also

claim that Kondaur and M&I told the Hansons by phone and email that Kondaur "bought the **Mortgage Loan** from M&I." (Hanson Aff. ¶¶ 9-20 (emphasis added).)

In addition, Kondaur Capital Corporation notified the Hansons on August 4, 2009, that it had purchased the servicing rights of their loan and enclosed its "Notice of Assignment, Sale or Transfer of Servicing Rights." (Lampone Aff., Exs. E, F; *see also* Rommel Aff. ¶¶ 3-4; Christy Aff., Ex. A.) It also appears that, prior to the sheriff's sale, the Hansons received a copy of the assignment of mortgage dated August 4, 2009 that purported to assign the Hansons' mortgage from M&I to a blank assignee. (Hanson Aff. ¶ 20, Ex. H.)

## VI. THE HANSONS' ATTEMPTS TO OBTAIN A MODIFICATION OR RECESSION

After falling behind on the mortgage payments, the Hansons tried to work with M&I and Kondaur to modify their loan and avoid foreclosure. (*Id.*, Exs. A-F; Lampone Aff., Ex. I.) The Hansons were unsuccessful in obtaining a modification.

Approximately eight months after the sheriff's sale, on May 14, 2010, the Hansons attempted to rescind the mortgage loan through their attorney by sending a letter to M&I and Kondaur. (Second Am. Compl., Ex. 3.) Neither M&I nor Kondaur granted the Hansons' recession request.

## ANALYSIS

M&I and Kondaur each move for summary judgment on all claims against them. The Hansons have not filed a motion for summary judgment but in their memoranda request summary judgment on their declaratory judgment claim, seeking a declaration

that Kondaur owned all interests in the Hansons' mortgage loan at the time of the sheriff's sale, making the sale invalid.

## I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party demonstrates that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences that can be drawn from those facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. ASSIGNMENT OF MORTGAGE

The key question in this case is whether M&I assigned its interest in the Hansons' mortgage to Kondaur prior to the sheriff's sale and failed to record this assignment. Under Minnesota law, an assignment of mortgage must be recorded prior to foreclosure of a mortgage by advertisement. Minn. Stat. §§ 580.02, 580.04; *Jackson*, 770 N.W.2d at 494. Each of the Hansons' causes of action rest upon an alleged violation of this rule and the assertion that the wrong party foreclosed upon their home. Specifically, the Hansons allege that M&I breached its contractual obligations by foreclosing without proper

authority to do so;[5] that M&I and Kondaur negligently misrepresented that M&I had the authority to foreclose; that M&I committed slander of title by making false statements that it had the right to foreclose upon the property; and that the Hansons maintained their right to rescind the mortgage under TILA because the foreclosure was improper. The Hansons seek damages and declaratory relief stating that the foreclosure of their home was invalid.

Although their arguments are not entirely clear, the Hansons appear to raise four grounds to support their contention that M&I assigned the mortgage to Kondaur prior to sheriff's sale. First, the Hansons argue that Kondaur was assigned the mortgage before the sheriff's sale because Kondaur possessed the promissory note. This argument is contrary to the law of this Circuit, which establishes that the promissory note and mortgage can be assigned separately, and that the holder of a mortgage need not possess the promissory note before it can institute foreclosure by advertisement in Minnesota. *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979-80 (8th Cir. 2011) (citing *Jackson*, 770 N.W.2d at 487-501). Accordingly, even if Kondaur was assigned the promissory note prior to the sheriff's sale, this fact would not prove that Kondaur was also assigned the underlying mortgage.

---

[5] The Court also notes that, to the extent this alleged breach of contractual obligations may rest on other grounds, these grounds are unclear and thus cannot defeat summary judgment. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587 ("[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.") (internal quotation marks and citation omitted).

Second, the Hansons appear to argue that M&I assigned the mortgage to Kondaur through the blank mortgage assignment dated August 4, 2009. The Hansons have cited no cases supporting this contention and, at oral argument, admitted that a blank assignment could not assign a mortgage. *See Casserly v. Morrow*, 111 N.W. 654, 655-56 (Minn. 1907) (holding that an instrument purporting to be an assignment of the mortgage, with no assignee named in the instrument, was a nullity). Accordingly, the Court finds that the blank assignment of mortgage is insufficient to raise a question of material fact regarding whether M&I assigned the mortgage prior to the sheriff's sale.

Third, the Hansons argue that their communications with Kondaur raise a question of material fact regarding whether M&I assigned the mortgage to Kondaur prior to the sheriff's sale. The Court disagrees. The Hansons have not shown that Kondaur claimed to possess the mortgage prior to the sheriff's sale: instead, Kondaur's alleged communications discussed their possession of the Hansons' **loan** prior to the sale, not the mortgage that secured the loan. *See Jackson*, 770 N.W. 2d at 490 ("[L]oans are evidenced by a promissory note and secured by a [mortgage] . . . ."). Although Kondaur's communications may have understandably confused the Hansons about who possessed the mortgage, Kondaur's statements alone are insufficient to raise a question of material fact regarding whether M&I assigned the Hansons' mortgage prior to the sheriff's sale.

Finally, the Hansons claim that the Loan Sale Agreement between M&I and Kondaur raises a question of material fact regarding when M&I assigned the mortgage. The Court finds otherwise. Although the Loan Sale Agreement indicates that the

Hansons' mortgage perhaps **should** have been assigned to Kondaur prior to the sheriff's sale, the Hansons have provided no evidence that such an assignment **did** occur. *Contra Gewecke v. U.S. Bank, N.A.*, No. 09-1890, 2011 WL 4538088, at *3 (D. Minn. Sept. 29, 2011) (holding, at a motion to dismiss stage, that the plaintiff had adequately alleged that actual unrecorded assignments of a mortgage occurred prior to foreclosure).

The evidence strongly suggests that an assignment of the Hansons' mortgage did not take place prior to the sheriff's sale. M&I and Kondaur have both denied that such an assignment took place. (*See* Rommel Aff. ¶¶ 4-5; Christy Aff. ¶ 4.) In addition, M&I assigned its sheriff's certificate of sale to Kondaur on October 9, 2009, in order to transfer all of its interests in the Hanson property, suggesting that an earlier assignment of the mortgage did not occur. (*See* Christy Aff., Ex. B.) Because the Hansons have produced no evidence that an assignment of mortgage took place prior to the sheriff's sale of their home, the Court will grant summary judgment to M&I and Kondaur.[6]

---

[6] The right to rescind a mortgage under TILA expires upon the valid sale of a property. *See Saygnarath v. BNC Mortgage, Inc.*, No. 06-3465, 2007 WL 1141495, at *2 (D. Minn. Apr. 17, 2007) ("[T]he right to rescind [would have] expire[d] . . . upon sale of the property . . . .") (quoting 12 C.F.R. § 226.23(a)(3)). Because the foreclosure of the Hanson property was valid, title vested in Kondaur, as holder of the sheriff's certificate, after the redemption period expired on March 21, 2010. *See In re Bestrom*, 114 F.3d 741, 744 (8th Cir. 1997) ("Under Minnesota law, the rule is that once a purchaser acquires a property at a public sale and the redemption period expires, no further conveyance is necessary for the title to vest legally and equitably in the purchaser . . ."); *Tomasko v. Cotton*, 273 N.W. 628, 630 (Minn. 1937) ("'At the expiration of the redemption period, if no redemption is made the purchaser succeeds to the title of the mortgagor as it was at the date of the mortgage and as conveyed by the mortgage.'"). The Hansons attempted to exercise their right to rescind on May 14, 2010, after the redemption period and their right to rescind had expired. Accordingly, the Court will dismiss their TILA claim.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. M&I Marshall and Ilsley Bank's Amended Motion for Summary Judgment [Docket No. 64] is **GRANTED**.

2. Kondaur Capital Corporation, Kondaur Capital Trust Series 2009-3, and Kondaur Venture X, LLC's Motion for Summary Judgment [Docket No. 63] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 27, 2012  
at Minneapolis, Minnesota.

                                             s/ John R. Tunheim  
                                           JOHN R. TUNHEIM  
                                           United States District Judge